IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DORIS THRUSH, *Individually, and as Administrator of the Estate of Charlie Thrush, Deceased, and as Next Friend and Natural Mother of Minors, H.T. and A.T.*, <br><br>  Plaintiff, <br><br> v. <br><br> CNH INDUSTRIAL AMERICA, LLC, <br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 22-cv-2345-KHV-TJJ<br>)<br>)<br>)<br>)  |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant CNH Industrial America, LLC's Motion for Determination of Place of Trial from Kansas City, Kansas, to Wichita, Kansas (ECF No. 10). Plaintiff filed this action on August 31, 2022 and designated Kansas City, Kansas as the place of trial.[1] On October 10, 2022, Defendant filed a Motion for Determination of Place of Trial.[2] Plaintiff opposes the motion. For the reasons set forth below, the Court will deny the motion without prejudice.

**I.  Legal Standards**

The local rules of this District provide that "[t]he court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion."[3] In considering motions for intra-district transfer, the courts of this district look to the factors

---

[1] ECF Nos. 1, 3. On September 20, 2022, Plaintiff filed a First Amended Complaint (ECF No. 6).
[2] ECF No. 10.
[3] D. Kan. Rule 40.2(e).

1

relevant to change of venue motions under 28 U.S.C. § 1404(a).[4] Under this statute, "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses.[5] Additionally, 28 U.S.C. § 1404(c) provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."

In evaluating a transfer under 28 U.S.C. § 1404(a), the Court considers (1) the plaintiff's choice of forum; (2) convenience of witnesses; (3) accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) "all other considerations of a practical nature that make a trial easy, expeditious, and economical."[6] The moving party carries the burden to show the Court that the current location is inconvenient.[7] The plaintiff's choice of forum should not be disturbed unless the balance weighs strongly in favor of transfer.[8]

The Court addresses each factor in turn, keeping in mind that courts have broad discretion when deciding trial location on a "case-by-case review of convenience and fairness."[9] In this case, Defendant's request to determine the place of trial contains no concrete assertions of fact that would indicate a change is warranted.

**II.     Analysis**

---

[4] *See, e.g.*, *Llizo v. City of Topeka, Kan.*, 844 F. Supp. 2d 1212, 1214 (D. Kan. 2012); *Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1064 (D. Kan. 1995); *Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-DDC-JPO, 2015 WL 10246976, at *1 (D. Kan. Aug. 27, 2015).
[5] 28 U.S.C. § 1404(a).
[6] *Skepnek*, 2015 WL 10246976, at *1 (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515–16 (10th Cir. 1991)).
[7] *Id.*
[8] *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *2 (D. Kan. Dec. 2, 2014) (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)).
[9] *Barge v. O'Malley's Inc., et al.*, No. 20-2035-DDC-GEB, 2020 WL 7186146, at *2 (D. Kan. Dec. 7, 2020) (internal citation omitted).

A Plaintiff is entitled to great deference in choice of forum, a choice which is generally not disturbed.[10] However, such consideration is given less weight if the Plaintiff's choice is not where they reside.[11] Here, Defendant asserts that because Plaintiff does not reside in Kansas City this factor is "neutral." The Court disagrees. Admittedly, Plaintiff's choice carries less weight because she does not reside in Kansas City. But because Plaintiff is still entitled to some amount of deference for her choice, this factor is not neutral.

The second and third factors look to the convenience of witnesses and accessibility of those witnesses and other sources of proof. Defendant recognizes this factor "is a primary, if not the most important, factor to consider in deciding a motion to transfer."[12] Defendant states that Kansas City is inconvenient because of the substantial burden created when the majority of witnesses must travel from a different forum. But Defendant does not identify any witness who would fit this description. Instead, Defendant merely asserts its witnesses are "likely located in or around Wichita (or at least much more likely than them being located in Kansas City)." Without facts to support it, the Court does not find Defendant's argument compelling.

Moreover, discovery has not commenced and the parties have not yet identified witnesses in Rule 26(a) initial disclosures. But Plaintiff has named two witnesses who are located in or around Kansas City, has indicated why those fact witnesses are important, and has asserted her choice of forum was based in part on the location of these two witnesses. Not only is Kansas

---

[10] *See Roberts v. Sedgwick County Sheriff's Dep't.*, No. 02-2337-JWL, 2004 WL 726822, at *1 (D. Kan. Apr. 2, 2024) (citing *Wiggans v. Hartford Life & Accident Ins. Co.*, No. 01-2080-JWL, 2002 WL 731701, at *1 (D. Kan. Apr. 15, 2002) (citing *Piper Aircraft Co. Reyno*, 454 U.S. 235, 265-66 (1981)).
[11] *McClelland v. Chick*, No. 20-2354-DDC, 2021 WL 2550169, at *2 (D. Kan. June 22,2021) (internal quotation omitted).
[12] *McClelland*, 2021 WL 2550169, at *3 (internal quotation omitted).

City more convenient for the witnesses, but Plaintiff also has the strategic consideration that trial in Wichita would place the witnesses' residences beyond the 100-mile subpoena radius of the Wichita courthouse.[13] Accordingly, the second and third factors currently tilt in favor of Plaintiff.

With respect to the location of "other sources of proof," Defendant points out the product involved in this case was designed, engineered, and built in the Wichita plant, which means all records from the relevant time period will be located in Wichita. However, the physical location of records is not necessarily important given the prevalence of electronic discovery.

The fourth factor looks to the possibility of obtaining a fair trial. Plaintiff argues that Defendant employs many individuals in the Wichita community and there is a potential fear that a jury may be hesitant to return a verdict that negatively impacts a major business in the community. While it is of course possible that the jury pool may contain family members, neighbors, and friends of employees, it is speculation that this will create an inability to obtain a fair trial due to CNH operating a large, wide-reaching business in Wichita. Our courts have often found a fair trial may be achieved even when the defendant is a local employer.[14]

The fifth factor asks the Court to look to all other consideration of a practical nature. This factor is difficult to consider in any way other than favorable to Plaintiff. Defendant has identified no witnesses and the burdens or substantial inconveniences Defendant asserts are

---

[13] *See* Fed. R. Civ. P. 45(c)(1).
[14] *See*, *e.g.*, *McIntosh v. City of Wichita*, No. 14-2402-DDC-TJJ, 2015 WL 1646402, at *3 (D. Kan. Apr. 14, 2015) (rejecting Plaintiff concerns that Wichita taxpayers would hesitate to award a judgment against the City); *Kramer v. Textron Aviation, Inc.*, No. 20-2341-DDC-GEB, 2020 WL 7388612, at *5 (D. Kan. Dec. 16, 2020) (stating that Kansas District Courts have "consistently held" that lawsuits against Wichita-based employers can obtain fair trials in Wichita).

speculative. To order the trial location changed without any actual facts to indicate a true burden exists would not ensure an easy, expeditious, and economical trial.

As the party bringing suit, Plaintiff is entitled to choose the forum. While Plaintiff's preference is not binding on the court, when specific strategic reasons are identified to support the choice and Defendant is unable to identify any actual instances where it would be substantially inconvenienced, the Court is well within its discretion to decline a request to change the trial location.

Based on the applicable standard, the Court concludes the place of trial will not be changed from Kansas City at this time. However, as the parties identify witnesses and the case unfolds, the weight of each factor may change. If Defendant believes the factors become more heavily weighted in its favor, it may seek to renew this motion closer to trial.

**IT IS THEREFORE ORDERED** that Defendant CNH Industrial America LLC's Motion for Determination of Place of Trial from Kansas City, Kansas, to Wichita, Kansas (ECF No. 10) is denied without prejudice.

Dated in Kansas City, Kansas, this 16th day of November, 2022.

_____
Teresa J. James
U. S. Magistrate Judge