IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DORIS THRUSH, Individually, and as Administrator of the Estate of Charlie Thrush, Deceased, and as Next Friend and Natural Mother of minors, H.T. and A.T.<br><br>Plaintiff<br><br>v.<br><br>CNH INDUSTRIAL AMERICA, LLC<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 22-cv-02345-KHV-TJJ<br>)<br>)<br>)<br>) |

**SUPPLEMENTAL JOINT MOTION FOR APPROVAL OF WRONGFUL DEATH SETTLEMENT AND APPORTIONMENT OF SETTLEMENT PROCEEDS**

COMES NOW Plaintiff Doris Thrush, as spouse and heir-at-law of Charlie Thrush, deceased, and as Natural Mother and Next Friend of minor children, H.T. and A.T. heirs-at-law of their natural father, Charlie Thrush, deceased (collectively, "Plaintiffs"), and Defendant CNH Industrial America LLC ("Defendant" or "CNH") and jointly move the Court for its order approving settlement of the wrongful death and survivorship claims against Defendant as a result of the death of Charlie Thrush, apportioning the settlement funds, and approving the attorneys' fee contracts. In support of this Motion, Plaintiffs and Defendant state:

1. This case was filed under the Kansas wrongful death statute, K.S.A. § 60-1901 and K.S.A. § 60-1902 for the alleged wrongful death of Charlie Thrush, who was killed in a farming incident on October 5, 2021, in Lincoln County, Kansas.

2. Plaintiff Doris Thrush is the surviving spouse of Charlie Thrush, deceased, and the duly appointed Personal Representative of the Estate of Charlie Thrush, Deceased. Doris Thrush is also the Natural Mother and Next Friend of minor children, H.T. and A.T. heirs-at-law of their natural father, Charlie Thrush, deceased.

1

3. The named Plaintiffs herein retained counsel to pursue a claim, for the benefit of all heirs at law of Charlie Thrush, deceased, and this claim was pursued against the Defendant.

4. Plaintiffs have reached a confidential settlement in this case with Defendant, as documented by the Confidential Settlement and Release Agreement and related settlement documents that were provisionally filed under seal with the Court on October 24, 2023 at Dkt. #84.

5. Plaintiffs, by and through their attorneys, have fully investigated the facts and circumstances of the occurrence, and are mindful of the disputed issues of liability and the disputed issue of damages. Considering all the facts and circumstances and upon advice of their attorneys, Plaintiffs believe it is in the best interest of the heirs-at-law to waive a trial by jury of any and all claims against Defendant and to fully settle said claims by general release pursuant to the settlement that has been reached. Accordingly, Plaintiffs and Defendant herein now seek the Court's approval of the confidential settlement agreed upon by the parties in this case.

6. As part of the settlement, Plaintiff, Doris Thrush, the duly appointed Personal Representative of the Estate of Charlie Thrush, Deceased, has also agreed to settle and release any and all potential claims of the Estate of Charlie Thrush, deceased, including any survival action.

7. Defendant denies any and all liability and responsibility for the death of Charlie Thrush, and any payment made by Defendant pursuant to the settlement agreement shall not be construed as an admission of liability in this matter.

8. Plaintiffs entered into contingent fee contracts with counsel to pursue the claims for the benefit of all heirs at law of Charlie Thrush, deceased, who sustained a loss as a result of his death. The fee contracts were for reimbursement of any advanced expenses and a contingent fee after expenses for the heirs. Plaintiffs ask that the attorneys' fees and expenses be approved after deduction of advanced expenses pursuant to K.S.A. § 60-1905.

9. Plaintiffs ask that the Court approve the settlement and allow the attorney's fees and expenses, authorize the execution of a release of the Defendant pursuant to the agreement of the parties and approve the apportionment of the net recovery pursuant to K.S.A. § 60-1905.

10. From the settlement proceeds to be paid to Plaintiffs, Plaintiffs are responsible for paying their attorneys' fees and all expenses advanced by Plaintiffs' counsel, and any amount owed to Medicare, Medicaid, and/or any third-party provider of benefits who has asserted or may assert a legally recognized lien against the settlement proceeds.

11. The parties ask that a proposed settlement be approved by the Court as a settlement of the claims against the Defendant as a result of the death of Charlie Thrush, with the fund being for the benefit of all heirs-at-law of Charlie Thrush who sustained a loss as a result of his death.

12. Plaintiffs have provided written notice to all known heirs-at-law and potential heirs-at-law of the hearing, so they have received notice of the hearing itself and their opportunity to attend should they so choose.

13. The Parties participated in Settlement Approval Hearing by Zoom before the Court on October 10, 2023 pursuant to the Kansas Wrongful Death Act.

14. Tesia O'Dell and Christopher Thrush are both adult heirs of Charlie Thrush who appeared at the Settlement Approval Hearing and conveyed their objection to the proposed settlement allocation, and they also voiced the same objection of their brother Joshua Thrush who was not present at the Settlement Allocation Hearing (Tesia O'Dell, Christopher Thrush, and Joshua Thrush are collectively the "Adult Heirs").  The Adult Heirs did not object to the settlement itself or the total settlement amount, but instead just objected to the proposed settlement allocation.

15. Following the conclusion of the Settlement Approval Hearing, Plaintiffs reached an agreement with the Adult Heirs regarding settlement allocation, as documented by the

Confidential Settlement and Release Agreement and related settlement documents that were provisionally filed under seal with the Court on October 24, 2023 at Dkt. #84.

16. Plaintiffs believe the settlement is fair, reasonable and in the best interest of all individuals having the right to pursue the wrongful death claim at issue.

17. Plaintiffs request that the Court make a finding that the attorneys' fees and litigation expenses incurred by Plaintiffs in this action are fair, reasonable, valid, just, equitable, and necessary for the recovery of any monies in this action.

18. The Parties further request that pursuant to the Joint Motion to Redact Specified Portions of the Record of the Settlement Approval Hearing and the Exhibits of Wrongful Death Settlement that was jointly filed by the Parties on October 24, 2023 at Dkt. #85 and #85-1, the record of the Settlement Approval Hearing and all exhibits and other documentation submitted to the Court prior to, during, and after that Hearing (including but not limited to Dkt. #84) be redacted to remove from public viewing the amount of (i) the Settlement Payment, (ii) any apportioned part of the Settlement Payment, (iii) any distribution of the Settlement Payment, (iv) any annuity or annuity payment, or (v) Plaintiffs' attorney's fees, costs, or expenses, including but not limited to: (a) Paragraph 2 of the Confidential Settlement and Release Agreement; (b) Paragraph 1 and Paragraph 2 under the "Payments" heading in Exhibit A to the Confidential Settlement and Release Agreement; (c) the Distribution Worksheet – Charlie Thrush – September 15, 2023; (d) the one-paragraph agreement signed by Tesia O'Dell, Joshua Thrush, and Christopher Thrush on October 11, 2023 and October 13, 2023; (e) the Arcadia Settlements Group Settlement Proposal for the minor children; and (f) the Schedule 1 of Description of Periodic Payments to the Qualified Assignment and Release Agreement in Accordance with I.R.S. Code Section 130; along with redacting the full names of the minor children (H.T. and A.T.) and their dates of birth.

November 2, 2023.                    Respectfully submitted,


                                     FIELDS LAW FIRM

                                     */s/ Benjamin C. Fields*
                                     Benjamin C. Fields          KS   #22209
                                     1600 Genessee Street, Suite 860
                                     Kansas City, Missouri 64102
                                     (816) 659-9970 – telephone
                                     (816) 659-9969 – facsimile
                                     ben@fieldslawkc.com



                                     NEUSTROM AND ASSOCIATES, LLC

                                     */s/ Patrik W. Neustrom*
                                     Patrik W. Neustrom          KS # 9360
                                     118 South Seventh Street
                                     Salina, Kansas 67401
                                     (785) 825-1505 - Telephone
                                     (785) 827-2425 - Facsimile
                                     patrik@neustrom.com

                                     ATTORNEYS FOR PLAINTIFF

                                     and

        */s/ Patrick A. Edwards*
        Patrick A. Edwards (KS #25443)
        Zachary H. Hemenway (KS #23602)
        STINSON LLP
        1625 N. Waterfront Parkway, Suite 300
        Wichita, KS  67206-6620
        Phone: (316) 268-7938; Fax: (316) 268-9792
        patrick.edwards@stinson.com
        zachary.hemenway@stinson.com

        Nicholas C. Pappas (pro hac vice)
        Haley A. Johnston (pro hac vice)
        FROST BROWN TODD LLP
        111 Monument Circle, Suite 4500
        Indianapolis, IN 46204
        Telephone: (317) 237-3888
        Facsimile: (317) 237-3900
        npappas@fbtlaw.com
        hjohnston@fbtlaw.com

        Maureen A. Bickley (*pro hac vice*)
        FROST BROWN TODD LLC
        The Great American Tower
        301 E. Fourth Street, Suite 3300
        Cincinnati, Ohio 45202
        Phone: 513-651-6107; Fax: 513-651-6951
        mbickley@fbtlaw.com

        ATTORNEYS FOR DEFENDANT
        CNH INDUSTRIAL AMERICA LLC

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 2nd day of November, 2023, a copy of the foregoing instrument was served on all counsel of record by electronic filing at the website for the United States District Court for the District of Kansas at http://www.ksd.uscourts.gov.

        */s/ Patrick A. Edwards*