UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DORIS THRUSH, Individually, and as Administrator of the Estate of Charlie Thrush, Deceased, and as Next Friend and Natural Mother of minors, H.T. And A.T., <br><br> Plaintiff, <br><br> v. <br><br> CNH INDUSTRIAL AMERICA LLC, <br><br> Defendant. | Case No. 22-2345-TJJ |

**MEMORANDUM AND ORDER**

This matter is before the Court on the parties' Joint Motion to Redact Specified Portions of the Record of the Settlement Approval Hearing and the Exhibits of Wrongful Death Settlement (ECF No. 85). On October 10, 2023, the Court held a Settlement Approval Hearing pursuant to the Kansas Wrongful Death Act, during which the Court ordered the provisional sealing of the record of the hearing and all settlement documentation and exhibits to allow the parties to file a formal motion requesting that the materials be permanently sealed or otherwise kept confidential.

The instant joint motion seeks to redact the following information from the record of the hearing and exhibits submitted to the Court prior to, during, and after the hearing: (1) all references to the amount of (a) the Settlement Payment, (b) any apportioned part of the Settlement Payment, (c) any distribution of the Settlement Payment, (d) any annuity or annuity payment, or (e) Plaintiffs' attorney's fees, costs, or expenses, including but not limited to in ECF No. 84 and in Paragraph 2 of the Confidential Settlement and Release Agreement, Paragraphs 1 and 2 under the "Payments" heading in Exhibit A to the Confidential Settlement and Release Agreement, The

Distribution Worksheet—Charlie Thrush—September 15, 2023, the one-paragraph agreement signed by Tesia O'Dell, Joshua Thrush, and Christopher Thrust on October 11, 2023 and October 13, 2023, and the Arcadia Settlements Group Settlement Proposal for the minor children. The parties also seek to redact the full names of the minor children and their dates of birth. For the reasons set forth below, the parties' motion is granted.

## I.   Legal Standard

Federal courts have long recognized a common law right of access to judicial records.[1] This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest.[2]

The public's right of access, however, is not absolute.[3] The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access.[4] In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties.[5] The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption.[6]

---

[1] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007).

[2] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980); *Worford v. City of Topeka*, No. 03-2450-JWL, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004).

[3] *Helm*, 656 F.3d at 1292.

[4] *Id*.; *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985).

[5] *Helm*, 656 F.3d at 1292.

[6] *Id.*; *Mann*, 477 F.3d at 1149.

**II.     Analysis**

The parties argue their interest in maintaining settlement confidentiality outweighs the presumption of public access for the following reasons: (1) the confidentiality of the settlement amount and related payments were a material part of and played a meaningful role in CNH's decision to settle a hotly contested case, (2) the request to redact the specified information is narrowly tailored, (3) the public and the media have not expressed an interest in this case, (4) the specified information should be redacted to protect minor plaintiffs H.T. and A.T., and (5) the instances where the District of Kansas has denied a motion to redact or file a settlement agreement under seal are factually distinguishable from this case.

The Court agrees with the parties and finds that the interests served by redacting the requested portions of the settlement agreement and record from the settlement approval hearing outweigh the public interest in access to the information. "Courts have long recognized a public interest in supporting private efforts to resolve litigation."[7] The Court is persuaded by the parties' argument that CNH specifically bargained for confidentiality as part of the settlement terms, and without the assurance of confidentiality of the settlement amount and related payments, the outcome of mediation would have been different. "In the Kansas Wrongful Death Act, the Kansas Legislature recognized a public policy interest in court approval of specified aspects of lawsuits brought under that Act. . . . The Act does not require, however, court approval of the settlement amount."[8] The additional information and documentation at issue here is part and parcel of the settlement amount. Therefore, the Court will grant the parties' motion as it pertains to redaction of

---

[7] *Eckel v. Delmar Gardens of Overland Park Operating, LLC*, No. 2:19-CV-02762-DDC-KGG, 2020 WL 6708614, at *2 n.1 (D. Kan. Nov. 16, 2020); *See* Kan. Stat. Ann. § 60-1905.

[8] *Id.*

any references to the dollar amounts of (1) the Settlement Payment, (2) any apportioned part or fraction of the Settlement Payment, (3) any distribution of the Settlement Payment, (4) any annuity or annuity payment, or (5) Plaintiffs' attorney's fees, costs, or expenses.

Further, the Court agrees with the parties that it is in the best interests of the minor children, H.T. and A.T., to redact any references to the minors' names and dates of birth, as well as references to settlement amounts, payments, and annuities. "[S]afeguarding the physical and psychological wellbeing of a minor—is a compelling [interest]."[9] The Court finds the parties' limited proposed redactions will prevent disclosing the minor children's identifying information while allowing the public access to the vast majority of the information.[10]

For all the reasons stated above and in the parties' joint motion, the Court finds the public's interest in the actual amount of the parties' settlement agreement and the minor children's identifying information does not outweigh the interest in resolving the dispute through a confidential settlement.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Redact Specified Portions of the Record of the Settlement Approval Hearing and the Exhibits of Wrongful Death Settlement (ECF No. 85) is GRANTED.

**IT IS FURTHER ORDERED** that **within seven (7) days** from the date of this Memorandum and Order, Plaintiff must file the Specified Portions of the Record of the Settlement Approval Hearing and the Exhibits of Wrongful Death Settlement redacting the following information: (1) all references to the amount of (a) the Settlement Payment, (b) any apportioned

---

[9] *M.B. v. Howard*, No. 18-2617-DDC-GEB, 2021 WL 197252, at *2 (D. Kan. Jan. 20, 2021) (quoting *Globe Newspaper Co. v. Sup. Ct. for Norfolk Cty.*, 457 U.S. 596, 607 (1982)).

[10] *See id.*

part of the Settlement Payment, (c) any distribution of the Settlement Payment, (d) any annuity or annuity payment, or (e) Plaintiffs' attorney's fees, costs, or expenses, including but not limited to in ECF No. 84 and in Paragraph 2 of the Confidential Settlement and Release Agreement, Paragraphs 1 and 2 under the "Payments heading in Exhibit A to the Confidential Settlement and Release Agreement, The Distribution Worksheet—Charlie Thrush—September 15, 2023, the one-paragraph agreement signed by Tesia O'Dell, Joshua Thrush, and Christopher Thrust on October 11, 2023 and October 13, 2023, and the Arcadia Settlements Group Settlement Proposal for the minor children. The parties must also redact the full names of the minor children and their dates of birth.

The clerk's office is directed to maintain the seal of the unredacted Confidential Settlement and Release Agreement (ECF No. 84).

IT IS SO ORDERED.

Dated November 15, 2023 at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge